•The Chief Justice
delivered the opinion.
This was an action of debt upon a prison bounds bond, exhcuied by the defendants to Abner G Daniel, jailor of Madison county, and assigned by bun to the plaintiffs The condition of the bond recites, that the defendant, Pruit, was charged in execution at the suit of the plaintiffs, aud provides, that if Pruit shall not depart from the prison bounds until discharged by due course of law, that the bond shall be void.
The declaration sets forth the bond and the assignment of it to the plaintiffs, (he condition of the bond, and the breach of it, in the usual form.
The defendants filed seven pleas; on the first, second and sixth, issues were joined to the country. To the third, fourth,fifth and seventh,the plaintiffs filed demurrers, which Were joined by the defendants. The third, fourth and filth pleas were adjudged by the circuit court to be insufficient, and tire demurrers thereto sustained But that court held the seventh plea to be good, and on the demurrer to it, gave judgment for (he defendants, from which the plaintiffs have appealed to this court.
The error assigned, questions the correctness of the decision of the circuit court on the demurrer to the seventh plea.
That plea alleges in substance, “That the said Prewit “was in custody of the jailor, A. G. Daniel, at the execution of the bond, for the want of special bail, in said case “mentioned in the declaration, and was not charged in execution as in the condition of the said bond is alleged, “and that said bond was taken, reciting in the condition “thereof, that said Prewit was charged in execution by mistake and iriadvertance, and that said Prewit remained “within the prison bounds after his surrender by his bail, “and without being charged in execution, the space of 20 *303 *Mays, and ⅜ hat during said 20 days said Pre wit was not “charged in execution in said case, all which they are rea“dy to verify.”
\ man ¡s estopped by hi^ov/n deed ¡,e permuted by alleging- a mistake, to contends1
Although a ^ere’d b' b”" j,a¡[ nart the’pi-is-ru'esa^er in execution: not so if be judgment.
The averment that Prewit was not charged in execution is undoubtedly essential to the validity of the ¡dea; and we are inclined to think that it was not competent for the defendants to make such an averment, in contradiction of what they bad admitted by their deed. It is unquestionably a general rule, that a man is estopped by his deed to allege any thing contrary to it; allegans contraria non est midiendus: Thus, if a condition of a bond recites that there are divers suits in B. K. the obligor is estopped to say that there are no suits there; or if a condition be to perform the covenants in an indenture, he shall be estopped to say there is no such indenture. And so in all cases where the condition of a bond has reference to a particular thing, the ob-ligor shall be estopped to say that (here is no such thing. Com. Dig. tit. Estoppel, A 2, and the cases there cited.
The estoppel to make the averment in this case, is not, W’e apprehend, removed by the allegation, that the recital that Prewit was charged in execution, was inserted by mistake in the condition of the bond. The doctrine of estoppel, is founded upon the legal notion that the matter of estoppel affords evidence against the party of so high and conclusive a nature, as not to admit ot any contradictory proof, and of course, no proof that the estoppel was the effect of mistake, would be admissible. If such were not the case, there could be no estoppel. For, if w hen a man alleges a matter in a form to which the law attributes the character of an estoppel, he might avoid the estoppel, by alleging that it was a mistake, he may, in like manner, avoid the latter allegation, though it should bt clothed in the form of an estoppel and so on ad infinitum If a deed be obtained by fraud or force, it will be void, and consequently cannot operate as an estoppel; but if the deed be valid, the estoppel cannot be avoided.
But, supposing the defendants might have properly made the averment, that Prewit was not charged in execution, and assuming the fact to be so still, we should be ioa, that the plea was bad. It is pr< supposed by the plea, that as Peewit was surrendered by tils bail, tha( ire had a lawful right to depart from the prison bounds, after having remained irt custody 2t> davs, without being charged in execution. This would certainly have been correct, if the *304 surrender bad been made by the bail afler judgment. Put it is not alleged in the plea, that the surrender was alter judgment, and if it were before, it is obvious, that he bad no right to depart from the prison bounds, because he had remained there 20 days, without being charged in execution.
Hardin for plaintiff, Crittenden for defendant,
The plea is therefore defective, and the court erred in overruling the demurrer to it.
I he judgment must be reversed with costs, and the cause be remanded, for proceedings to be bad, not inconsistent with this opinion.